DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IN THE INTEREST OF M.R., E.R., N.J.R., and P.R.**

**DENISE E. KISTNER OF**
**THE LAW OFFICES OF DENISE E. KISTNER, P.A.**,
Appellant,

v.

**DEPARTMENT OF CHILDREN and FAMILES**
and **GUARDIAN AD LITEM,**
Appellees.

No. 4D21-1550

[September 15, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Stacey Schulman, Judge; L.T. Case No. 062018DP000764AXXXCE.

Denise E. Kistner of the Law Offices of Denise E. Kistner, P.A., Fort Lauderdale, pro se, and for grandparents V.R. and V.R.

Thomasina F. Moore, Statewide Director of Appeals, and Samantha C. Valley, Senior Attorney, Statewide Guardian ad Litem Office, Tallahassee, for appellee Guardian ad Litem o/b/o M.R., E.R., N.J.R., and P.R.

Ashley Moody, Attorney General, Tallahassee, and Carolyn Schwartz, Assistant Attorney General, Children's Legal Services, Fort Lauderdale, for appellee Department of Children and Families.

David J. Glantz of Broward Lawyers Care, pro bono project of Legal Aid Service of Broward County, Weston, for M.R., E.R., N.J.R., and P.R.

KUNTZ, J.

The narrow issue on appeal is whether the circuit court erred when it denied the motion to intervene filed by Denise E. Kistner of the Law Offices

of Denise E. Kistner, P.A., acting as the adoption entity,[1] in termination of parental right proceedings. Chapter 63 requires the court to permit intervention by an adoption entity "[i]f a parent executes a consent for adoption of a minor with an adoption entity." § 63.082(6)(a), Fla. Stat. (2020). The father did so, and his consent was attached to the motion to intervene. We reverse the order denying the motion to intervene and remand for further proceedings.

## i. Background

The mother and father have four children, M.R., E.R., N.J.R., and P.R. Three of the children were sheltered and adjudicated dependent in 2018. At that time, the children were placed with their paternal grandmother, but later they were placed with their maternal grandmother.

The fourth child was sheltered in November 2020. The fourth child was originally placed with the paternal grandmother, but the placement was changed to the maternal grandmother. Later, the Florida Department of Children and Families sought to terminate parental rights as to all four children under section 39.802, Florida Statutes (2020).

Denise E. Kistner, in her capacity as adoption entity,[2] moved to intervene in the TPR proceeding under section 63.082(6), Florida Statutes (2020). A "Surrender, Waiver of Notice and Consent for Adoption," signed by the father, was attached to the motion to intervene. The signed document specified the father's surrender for adoption of the four children to the paternal grandparents. Also attached to the motion was a preliminary home study of the paternal grandparents.

The circuit court held a hearing and denied the motion to intervene. The court denied the motion because the adoption entity did not obtain the mother's surrender or consent to adoption. The court determined that

---

[1] We sua sponte amend the case caption to reflect the true party in interest, the prospective intervenor and adoption entity, Denise E. Kistner of the Law Offices of Denise E. Kistner, P.A. *See, e.g., In re S.N.W.*, 912 So. 2d 368, 370 (Fla. 2d DCA 2005).

[2] Section 63.032(3) defines "adoption entity" as "the department, a child-caring agency registered under s. 409.176, an intermediary, a Florida child-placing agency licensed under s. 63.202, or a child-placing agency licensed in another state which is licensed by the department to place children in the State of Florida." § 63.032(3), Fla. Stat. (2020).

the mother's surrender or consent to adoption was required for several reasons.

First, the court examined section 63.062(1)(a) and noted that the mother was "the first person listed as to from whom consent must be sought" to adopt. Second, the court found the legislative intent behind section 63.022(5) was:

> to provide for cooperation between private adoption entities and the Department of Children and Families in matters relating to permanent placement options for children in the care of the department whose birth parents wish to participate in a private adoption plan with a qualified family.

Although section 63.082(6) used the singular word "parent," the court reasoned that reading "parent" to require only one parent's consent "ignore[d] those provisions of Chapter 63 requiring the consent of both parents."

The court was also concerned that the adoption entity included no filing about the mother's parental rights even though it "represented [that] the mother's rights would be addressed at some point in the proceeding." The court predicted that if it found the motion to intervene sufficient, it "would have to conduct a placement hearing, potentially change the Children's placement, and then first figure out what, if anything, will happen with the mother and her parental rights."

Because the court was not required to consider "whether a parent's rights should be maintained" in deciding whether to transfer custody of the children, the court explained that a motion to intervene could therefore "deny a parent, who is working their case plan, the opportunity to be reunified." The court explained that granting the motion would conflict with Chapter 63's "primary purpose" to place safeguards for a smooth adoption.

Finally, the court rejected the cases the adoption entity relied on because they were not "in the context of an adoption entity seeking to intervene in a Chapter 39 case where both parents' rights were intact." The court found that there is no authority holding that a non-party may intervene in a Chapter 39 proceeding "based on the consent of only one parent where the other parent was known, participating in the proceedings, and had their parental rights intact[.]"[3]

---

[3] The circuit court stayed its ruling pending appeal to this Court.

## ii.    *Analysis*[4]

The adoption entity appeals the denial of the motion to intervene.[5]  The adoption entity argues the circuit court erred when it determined that the terms "a parent" and "the parent" in sections 63.082(6)(a) and (6)(b), Florida Statutes (2020), require an adoption entity to obtain the consent of both parents to intervene in the dependency proceeding.  That statute states, in relevant part:

> (6)(a) If **a parent** executes a consent for adoption of a minor with an adoption entity or qualified prospective adoptive parents and the minor child is under the supervision of the department, or otherwise subject to the dependency court as a result of the entry of a shelter order, a dependency petition, or a petition for termination of parental rights pursuant to chapter 39, but parental rights have not yet been terminated, the adoption consent is valid, binding, and enforceable by the court.
>
> (b) Upon execution of the consent of **the parent**, the adoption entity shall be permitted to intervene in the dependency case as a party in interest and must provide the court . . . a copy of the preliminary home study of the prospective adoptive parents and any other evidence of the suitability of the placement.
>
> (c) If an adoption entity files a motion to intervene in the dependency case in accordance with this chapter, the dependency court shall promptly grant a hearing to determine whether the adoption entity has filed the required documents to be permitted to intervene and whether a change of placement of the child is in the best interests of the child.

§ 63.082(6)(a)-(c), Fla. Stat. (2020) (emphasis added).

---

[4] We note that counsel for the four children filed a confession of error stating the court erred when it denied the motion to intervene.

[5] A second appeal was filed by the father.  That appeal, *R.R. v. Dep't of Children and Families, et al.*, Case No. 4D21-1366, will be dismissed by separate order on the date this opinion issues.

We first turn to the plain language of sections 63.082(6)(a) and (6)(b). "Parent" is defined in the statute as "a woman who gives birth to a child . . . or a man whose consent to the adoption of the child would be required under s. 63.062(1)." § 63.032(12), Fla. Stat. (2021). The statute does not define "parent" to include both parents.

Nor do the articles preceding "parent" in section 63.082(6)(a) and (b) suggest both parents' consent is required. The indefinite article "a" and definite article "the" are undefined in the statute. But "a" is defined in dictionaries as "[u]sed before nouns and noun phrases that denote a single but unspecified person or thing: a region; a person." *A, The American Heritage Dictionary of the English Language* 1 (5th ed. 2016); *see also A, Merriam-Webster's Collegiate Dictionary* 1 (11th ed. 2003) ("used as a function word before singular nouns when the referent is unspecified").

The American Heritage Dictionary of the English Language defines "the" as "used before singular or plural nouns that denote particular, specified persons or things: the baby; the dress I wore." *The, The American Heritage Dictionary of the English Language* 1803 (5th ed. 2011); *see also The, Merriam-Webster's Collegiate Dictionary* 1294 (11th ed. 2003) ("used as a function word to indicate that a following noun or noun equivalent is definite or has been previously specified by context or by circumstance").

Based on the statute's plain language, we conclude that the statute requires only one parent's consent for an adoption entity to intervene. Therefore, intervention under section 63.082(6) does not require both parents' consent.

Like the circuit court, we do not view section 63.082(6) in isolation. But the circuit court turned to provisions requiring the birth mother's consent for an adoption. The issue of adoption is not before us. The issue in this appeal relates solely to intervention.

The limited caselaw discussing section 63.082(6) supports our conclusion. In *In re S.N.W.*, 912 So. 2d 368, 369-71 (Fla. 2d DCA 2005), the circuit court denied an adoption entity's motion to intervene in a dependency proceeding. The Second District reversed, concluding that "[t]here is no question the statute required the trial court to permit [the adoption entity] to intervene in this proceeding once it filed the birth mother's consent to the adoption." *Id.* at 372; *see also id.* at 374 (the adoption entity "was entitled to intervene in the dependency case pursuant to section 63.082(6)(b), given the birth mother's consent to the adoption"). There, as here, only one parent's consent was sufficient to require the adoption entity's intervention.

### iii.    *Conclusion*

The circuit court erred when it denied the adoption entity's motion to intervene.  The father's consent required the court to grant the motion.  Therefore, on the limited issue of intervention, we reverse and remand for entry of an order allowing intervention.

*Reversed and remanded.*

LEVINE and KLINGENSMITH, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

6